# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KIM MCGUIRE,

      Plaintiff,

v.

ADVANCE CAPITAL
MANAGEMENT, INC.,

      Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the Complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Kim McGuire ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, states the following for her Complaint and Jury Demand against Defendant Advance Capital Management, Inc. ("Defendant"):

## INTRODUCTION

1. Defendant violated the law when it recruited Plaintiff and hired her, only to immediately terminate Plaintiff upon her disclosure that she was not vaccinated—thereby denying her an opportunity to request a religious exemption from Defendant's COVID-19 vaccine requirement.

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in Sterling Heights, Michigan, which is located in Macomb County.

3. Advance Capital Management, Inc. is a financial and investment management company, which is headquartered in Southfield, Michigan.

4. Plaintiff's claims arise out of Defendant's violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Michigan Elliott-Larsen Civil Rights Act of 1976, MCL 37.2101, *et seq*.

5. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e), as it is the district where the Plaintiff resides. 28 U.S.C. § 1391(e).

7. Plaintiff filed charges of religious discrimination with the Equal Employment Opportunity Commission on May 5, 2022 and received a right to sue letter on September 8, 2023.

## FACTUAL ALLEGATIONS

### COVID-19 and Defendant's Vaccine Mandate

8. Defendant is a financial and investment planning company.

9. Defendant enforces an inflexible vaccine mandate that obligates employees and job-applicants to be vaccinated from COVID-19 regardless of work location, remote status, or responsibilities.

10. Defendant's requirement is absolute; it offers no alternative, such as periodic testing, mask wearing, social distancing, etc., even for employees who have already had COVID-19 and still possess natural immunity from the disease.

**Plaintiff's Employment Application and Religious Accommodation Request**

11. Plaintiff received an email from an employee of a talent acquisition firm regarding the subject position on March 9, 2022.

12. On March 11, 2022, an initial phone interview took place.

13. Plaintiff advanced to a second interview, which took place on the morning of March 16, 2022, with Chief Services Officer Stephanie Lawrence.

14. Following the interview, Plaintiff received an interview from the recruiter which stated, "[t]hey are prepared to make you an offer."

15. Plaintiff responded, stating, "Oh wow! What a blessing! When I talked to her the very first time, I knew that place was for me!"

16. On March 17, 2022, Plaintiff received a formal offer letter, which covered topics such as her salary, medical coverage, and personal days.

17. This letter failed to mention any vaccine requirements or accommodation processes.

18. Ms. Young emailed Plaintiff on March 18, 2022, stating, "Congrats again…I am so excited for you."

19. Plaintiff completed the onboarding paperwork, none of which concerned a vaccine requirement.

20. On the first day of her employment, Plaintiff voluntarily revealed her vaccination status.

21. Plaintiff believes that it was God's intention for her to remain unvaccinated and is open to discussing her decision with all individuals.

22. Plaintiff was swiftly terminated on March 31, 2022.

23. That weekend, Ms. Lawrence sent Plaintiff a text message, "I believe the biggest concern is they know you're not vaccinated."



24. Plaintiff was given no opportunity to explain that she chose not to receive the vaccination because of her sincerely held religious beliefs.

25. Plaintiff seeks to make all decisions though prayer and religious guidance.

26. Plaintiff is a lifelong Christian and worships the bible and God daily.

5

27. Plaintiff's faith in God and religious beliefs contribute substantially to the formation of all personal beliefs and her religious morals.

28. Plaintiff believes that her body is a temple and is not designed to receive any foreign or unnatural substances.

29. Plaintiff believes that God gave all individuals and creatures an immune system that will protect herself others from all diseases, including COVID-19.

30. Additionally, Plaintiff did not receive the COVID-19 vaccine as it was created with aborted fetal tissue which is strongly against her religious beliefs.

31. Plaintiff is vehemently opposed to abortion and believes that God is against any vaccine created with aborted fetal tissue.

32. The statutory framework for determining reasonable accommodation requires an interactive process and participation by both the employer and the employee. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986) (stating that, consistent with the goals expressed in the legislative history of the religious accommodation provision, "courts have noted that bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business").

33. Defendant did not request nor suggest that Plaintiff participate in any discussion to determine a fair and legal accommodation.

34. Defendant implements a blanket policy to deny all religious and medical accommodation requests.

35. Defendant never indicated to Plaintiff that accommodating her religious beliefs poses an undue burden.

36. Defendant terminated Plaintiff's employment without ever engaging in the interactive process.

37. Defendant refused to retain Plaintiff because of her sincerely held religious beliefs.

38. But-for Plaintiff's vaccination status, she would have been employed by Defendant.

39. Employees and job applicants must therefore choose vaccination or adverse action. "Forcing individuals to choose between their faith and their livelihood imposes an obvious and substantial burden on religion . . . vaccine mandates . . . presents a crisis of conscience for many people of faith. It forces them to choose between the two most profound obligations they will ever assume— holding true to their religious commitments and feeding and housing their children. To many, this is the most horrifying of Hobson's choices." *Sambrano v. United Airlines, Inc.*, 19 F.4th 839, 841 (5th Cir. 2021).

40. Defendant sabotaged the interactive process and evaded any sort of bilateral cooperation.

41. Defendant failed to offer any accommodation process.

42. Defendant has no "satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962).

43. Plaintiff could have tested for COVID-19 daily.

44. Plaintiff attempted to engage in an interactive process with Defendant in order to explore these options. She was denied any sort of bilateral compromise.

## COUNT I
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
## RELIGIOUS DISCRIMINATION
## FAILURE AND REFUSAL TO HIRE

45. Plaintiff restates the foregoing paragraph as set forth fully herein.

46. Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

47. Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

48. Plaintiff holds a sincere religious belief that precludes her from taking the COVID-19 vaccine.

49. Plaintiff informed Defendant of the same.

50. Defendant refused to hire Plaintiff based on the need for religious accommodation.

51. Defendant never explained why it could not accommodate Plaintiff.

52. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of Defendant's failure to hire her.

53. Defendant's actions were intentional and/or reckless.

## COUNT II
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
## RELIGIOUS DISCRIMINATION
## FAILURE TO ACCOMMODATE

54. Plaintiff restates the foregoing paragraph as set forth fully herein.

55. Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

56. Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

57. Plaintiff can establish *prima facie* cases of discrimination by showing (1) they hold sincere religious beliefs that conflict with an employment requirement; (2) they informed their employer of same; and (3) they were disciplined for failing to comply with the employment requirement. *Yeager v. FirstEnergy Generation Corp*, 777 F.3d 362, 363 (6th Cir. 2015).

58. Plaintiff holds a sincere religious belief that precludes her from taking the COVID-19 vaccine.

59. Plaintiff informed Defendant of the same.

60. Defendant refused to hire Plaintiff based on the need for religious accommodation.

61. Defendant evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986).

62. Defendant could have offered Plaintiff multiple reasonable accommodations without undue hardship.

63. Defendant never explained why it could not accommodate Plaintiff.

64. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of Defendant's failure to hire her.

65. Defendant's actions were intentional and/or reckless.

### COUNT III
### VIOLATION OF THE ELCRA, MCL 37.2101, *ET SEQ*.
### RELIGIOUS DISCRIMINATION – FAILURE AND REFUSAL TO HIRE

66. Plaintiff restates the foregoing paragraphs as set forth fully herein.

67. Pursuant to ELCRA, MCL 37.2202(1) it is unlawful for an employer to: "(a) <u>Fail or refuse to hire or recruit</u>, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion[.]; or (b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive

the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion[.]"

68. Defendant violated the law by refusing to hire someone because they may possess a religious belief that prevents them from meeting a corporate policy.

69. Defendant responded to Plaintiff's unvaccinated status by not hiring Plaintiff.

70. Plaintiff's religious beliefs and protected activity were the causes of Defendant's retaliation and adverse employment action.

71. This violation has harmed and continues to harm Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

a. Declare that Defendant has violated Title VII and ELCRA by failing to engage in the interactive process in response to requests for accommodation to its COVID-19 vaccine mandate.

b. Declare that Defendant has violated Title VII and ELCRA by discriminating against Plaintiff by failing to provide reasonable accommodations to its COVID-19 vaccine mandate.

c. Award Plaintiff damages, pre-judgment and post-judgment interest, punitive damages, and compensatory damages.

11

  d.  Award Plaintiff reasonable attorneys' fees and costs.

  e.  Grant any other relief that the Court deems just, proper, and equitable.

Respectfully submitted,

HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah Hurwitz (P74063)
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
*noah@hurwitzlaw.com*

Dated: November 21, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIM MCGUIRE,

       Plaintiff,                                  Case No.

v.

                                                 Hon.

ADVANCE CAPITAL
MANAGEMENT, INC.,

       Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Kim McGuire, by and through her attorneys, Hurwitz Law PLLC, hereby demands a trial by jury in the above-captioned matter for all issues triable.

                                                    Respectfully Submitted,
                                                    HURWITZ LAW PLLC

                                                    */s/  Noah S. Hurwitz*
                                                    Noah S. Hurwitz (P74063)
                                                    *Attorney for Plaintiff*

Dated: November 21, 2023